THE IOWA DISTRICT COURT IN AND FOR BLACK HAWK COUNTY

| | | |
|---|---|---|
| AMANDA ASHTON REGENOLD, | ) | |
| | ) | Case No. |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | COMPLAINT AND |
| | ) | JURY DEMAND |
| | ) | |
| AMERICAN COLLOID COMPANY, d/b/a | ) | |
| MINERALS TECHNOLOGIES, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

COMES NOW the Plaintiff, Amanda Ashton Regenold (hereafter Ms. Regenold), by and through her attorney Gregory F. Greiner, and for this cause of action against American Colloid Company, d/b/a/ Minerals Technologies, Inc. (hereafter MTI), states as follows:

## INTRODUCTION

1. This complaint involves allegations under Iowa Civil Rights Act, Iowa Code Chapter 216, *et. seq.* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* ("Title VII").

2. Ms. Regenold is and was at all times material hereto a citizen and resident of Waterloo, Black Hawk County, Iowa.

3. MTI conducts business in Iowa as a foreign corporation, and conducts business in Shell Rock, Iowa.

4. The amount in controversy exceeds the jurisdictional requirements of the Iowa District Court in and for Black Hawk County.

1

## EXHAUSTION OF ADMINISTRATIVE REMEDIES AND CONDITIONS PRECEDENT

5. Ms. Regenold repleads the allegations set forth as if fully set forth herein.

6. Ms. Regenold filed timely charges of discrimination against the Defendants with the Equal Employment Opportunity Commission.

7. Less than 90 days prior to the filing of the complaint, the Equal Employment Opportunity Commission issued a right to sue letter with respect to the Ms. Regenold's charges.

8. All conditions precedent to Ms. Regenold's claims for relief have been performed or have occurred.

## FACTS

9. Ms. Regenold repleads the allegations set forth as if fully set forth herein.

10. Ms. Regenold began working as a Shell Rock Plant Administrator for MTI on July 13, 2015, and was the only female working at the location.

11. Ms. Regenold's direct supervisor at MTI was Mr. Robert Malfese (hereafter Mr. Malfese).

12. In December of 2019, Ms. Regenold noticed that Mr. Malfese was using the designated female toilet.

13. At that time, Ms. Regenold confronted Mr. Malfese about his female toilet use, and he responded that he was using it because it was "cleaner."

14. After noticing that he used it again, Ms. Regenold told Mr. Malfese that it made her feel uncomfortable, but he did not stop.

15. In spite of her complaint, Mr. Malfese did not stop and on January 2, 2020, Ms. Regenold contacted MTI and requested the company bathroom policy.

16. She also reported that she was bothered by Mr. Malfese using the female toilet.

17. Fearing retaliation from Mr. Malfese, she requested that MTI be discreet so that he would not know it was her that complained.

18. An MTI human resource representative assured Mr. Regenold that an email would be sent to all managers about the company bathroom policy to protect her anonymity.

19. During this same time period, due to her seniority and progress with the company, Ms. Regenold was entitled to a skill-based pay increase.

20. In February of 2020 during her annual employee review, Mr. Malfese notified Ms. Regenold that MTI denied her earned pay increase and stated that she was already "overpaid" as a justification for the denial.

21. Contrary to the justification provided to Ms. Regenold by Mr. Malfese regarding the pay increase denial, MTI claims it was due to a company-wide pay freeze.

22. Soon thereafter, when discussing employee compensation bonuses, Mr. Malfese laughed when he told Ms. Regenold that the company's male employees

were provided a higher stock benefit increase in comparison to her stock benefit increase.

23. Mr. Malfese continued to use the female toilet, and in April of 2020, Ms. Regenold contacted the MTI human resource hotline about Mr. Malfese's continued use of the female toilet.

24. An MTI human resource representative then notified Ms. Regenold that they contacted Mr. Malfese directly about the issue.

25. MTI also reported to Ms. Regenold that the female bathroom would be locked so only Ms. Regenold could use it.

26. However, in response to the situation, MTI removed the gender-based bathroom designations and made the female bathroom a unisex bathroom.

27. MTI's response to the harassment only served to re-victimize Ms. Regenold.

28. Ms. Regenold complained that she was being harassed.

29. On April 17, 2020, the company revised Ms. Regenold's work requirements and she began working remotely.

30. MTI required Ms. Regenold to use her own internet service to access the company online site.

31. On April 21, 2020, Ms. Regenold texted her manager, notifying him that she was having internet problems and could not log in to the company online site.

32. In spite of her timely communication to Mr. Malfese via text messaging about the login complication, she was issued a written warning for allegedly violating MTI's attendance policies.

33. Soon thereafter, Mr. Malfese notified Ms. Regenold that her hours would be reduced and that employees could use "lack of work" or "LOW" days because of the MTI's business slowdown associated with the pandemic.

34. On July 6 and 17, 2020, Ms. Regenold used the "LOW" policy and requested time off from Mr. Malfese, which he approved without requiring it to be pre-arranged in advance.

35. Thereafter, on July 27, 2020, in accordance with MTI policy Ms. Regenold notified the company that Mr. Malfese was missing from their worksite location.

36. Mr. Malfese was found sleeping in his truck.

37. Ms. Regenold also notified MTI that a separate male employee was consistently absent from work and was not disciplined for his behaviors.

38. On August 6, 2020, Ms. Regenold texted Mr. Malfese and notified him that her car would not start and that she would be late for work.

39. In effort to mitigate the situation, she requested to use time off consistent with the previously used "LOW" policy.

40. Contrary to his previous decisions associated with a "LOW" absence, Mr. Malfese arbitrarily changed his standard for use of the policy and told

Ms. Regenold that she could only use a "LOW" day when it was pre-arranged with him.

41. Since Ms. Regenold could not physically be at the MTI Shell Rock work location, she worked remotely on August 6, 2020.

42. Ms. Regenold was then terminated on August 10, 2020, due to allegedly violating MTI's attendance policies.

43. Ms. Regenold complains that Mr. Malfese's actions were gender-based sexual harassment and that MTI discriminated against her and then retaliated against her when she made a complaint.

44. Ms. Regenold has been damaged financially and emotionally by the Defendant.

### FIRST CAUSE OF ACTION: VIOLATION OF IOWA CIVIL RIGHTS ACT BASED UPON DISCRIMINATION AND HARASSMENT IN EMPLOYMENT ON THE BASIS OF GENDER

45. Ms. Regenold repleads the allegations set forth as if fully set forth herein

46. MTI discriminated against Ms. Regenold in violation of the Iowa Civil Rights Act.

47. Ms. Regenold suffered harassment in violation of the Iowa Civil Rights Act.

48. Ms. Regenold's gender was a motivating factor in the discrimination and harassment.

49. MTI knew or should have known about harassment in the workplace.

50. MTI failed to take prompt and appropriate action reasonably calculated to end the harassment.

51. As a result of the Defendants' acts and omissions, Ms. Regenold has in the past and will in the future suffer injuries and damages including, but not limited to, mental and emotional distress, fear, anguish, humiliation, betrayal, stress, medical expenses, lost enjoyment of life, lost wages, and employment benefits.

WHEREFORE Ms. Regenold demands judgment against MTI in an amount which will fully and fairly compensate her for her injuries and damages, for appropriate equitable relief, for prejudgment and post-judgment interest, for attorney fees, including litigation expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

### SECOND CAUSE OF ACTION: TITLE VII SEXUAL HARASSMENT
**(By Supervisor with Tangible Employment Action)**

52. Ms. Regenold repleads the allegations set forth as if fully set forth herein.

53. Ms. Regenold was subjected to sexual harassment and retaliation.

54. Such conduct was unwelcome.

55. Such conduct was based on Ms. Regenold's gender.

56. MTI knew about the sexual harassment and retaliation and subjected Ms. Regenold to further workplace harassment by denying an earned pay increase,

cutting her hours, and then arbitrarily enforcing its attendance policies to justify terminating her employment.

57. Ms. Regenold's rejection of her direct supervisor's sexual harassment was a motivating factor or played a part in the decisions to deny her earned pay increase, cut her hours, and arbitrarily enforcing its attendance policies to justify terminating her employment.

58. As a result of these acts and omissions, Ms. Regenold has in the past and will in the future suffer injuries and damages including, but not limited to, mental and emotional distress, fear, anguish, humiliation, betrayal, stress, medical expenses, lost enjoyment of life, lost wages, and employment benefits.

WHEREFORE Ms. Regenold demands judgment against MTI in an amount which will fully and fairly compensate her for her injuries and damages, to include actual damages, lost wages and fringe benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary damages, punitive damages, prejudgment and post-judgment interest, attorney fees and litigation expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Title VII.

## THIRD CAUSE OF ACTION: RETALIATION FOR OPPOSITION TO HARASSMENT OR DISCRIMINATION

59. Ms. Regenold repleads the allegations set forth as if fully set forth herein.

60. Ms. Regenold complained to MTI that she was being harassed and discriminated against on the basis of gender.

61. Ms. Regenold reasonably believed that she was being harassed and discriminated against on the basis of gender.

62. The Defendants retaliated against Ms. Regenold's by denying her earned pay increase, cutting her hours, and then arbitrarily enforcing its attendance policies to justify terminating her employment.

63. The retaliatory actions against Ms. Regenold might well dissuade a reasonable worker in the same or similar circumstances from making or supporting a charge of discrimination.

64. The Defendants would not have taken the retaliatory actions against Ms. Regenold but-for her complaint of sexual harassment and discrimination.

65. As a result of these acts and omissions, Ms. Regenold has in the past and will in the future suffer injuries and damages including, but not limited to, mental and emotional distress, fear, anguish, humiliation, betrayal, stress, medical expenses, lost enjoyment of life, lost wages, and employment benefits.

WHEREFORE Ms. Regenold demands judgment against MTI the in an amount which will fully and fairly compensate her for her injuries and damages, to

include actual damages, lost wages and fringe benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary damages, punitive damages, prejudgment and post-judgment interest, attorney fees and litigation expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Title VII.

### FOURTH CAUSE OF ACTION: TITLE VII HARASSMENT AND DISCRIMINATION IN EMPLOYMENT ON THE BASIS OF GENDER, WRONGFUL TERMINATION

66. Ms. Regenold repleads the allegations set forth as if fully set forth herein.

67. MTI sexually harassed and discriminated against Ms. Regenold based upon gender.

68. Due to Ms. Regenold's gender, she was a member of a covered group.

69. Defendants subjected Ms. Regenold to a hostile work environment wrongfully terminated her after she complained about the sexual harassment.

70. Ms. Regenold's gender was a motivating factor for the harassment and wrongful termination.

71. The justification used by MTI for terminating Ms. Regenold was a pretext to hide gender-based sexual harassment and discrimination.

72. But for Ms. Regenold's gender, the MTI would not have taken those actions.

73. Other similarly situated male employees were not disciplined for similar behaviors.

74. MTI acted with willfulness, malice, or reckless disregard to Ms. Regenold' right not to be discriminated against on the basis of her gender.

75. As a result of these acts and omissions, Ms. Regenold has in the past and will in the future suffer injuries and damages including, but not limited to, mental and emotional distress, fear, anguish, humiliation, betrayal, stress, medical expenses, lost enjoyment of life, lost wages, and employment benefits.

WHEREFORE Ms. Regenold demands judgment against MTI in an amount which will fully and fairly compensate her for her injuries and damages, to include actual damages, lost wages and fringe benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary damages, punitive damages, prejudgment and post-judgment interest, attorney fees and litigation expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Title VII.

## JURY DEMAND

76. Ms. Regenold hereby requests a trial by jury.

By: /s/ *Gregory F. Greiner AT0003094*
Attorney for Plaintiff
5550 Wild Rose Lane, Suite 400
West Des Moines, IA 50266
Phone: (515) 650-4399
Fax: (515) 650-4388
Email: greg@recovery-lawyers.com

THE IOWA DISTRICT COURT IN AND FOR BLACK HAWK COUNTY

| | | |
|---|---|---|
| AMANDA ASHTON REGENOLD, | ) | |
| | ) | Case No. LACV143353 |
|     PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORIGINAL NOTICE |
| | ) | |
| AMERICAN COLLOID COMPANY, d/b/a | ) | |
| MINERALS TECHNOLOGIES, INC., | ) | |
| | ) | |
|     DEFENDANT. | ) | |

    TO:    <u>Registered Agent</u>:

        **CT Corporation System**
        **400 E Court Avenue**
        **Des Moines, IA 50309**

    You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant(s) in this action.  A copy of the petition (and any documents filed with it) is attached to this notice. The name and address of the attorney for the plaintiff(s) is Gregory F. Greiner, 5550 Wild Rose Lane, Suite 400, West Des Moines, IA 50266.  The attorney's phone number is (515) 650-4399; facsimile number is (515) 650-4388.

    You are further notified that the above case has been filed in a county that utilizes electronic filing.  Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer, in the Iowa District Court for Black Hawk County, at the courthouse in Waterloo, Iowa, judgment by default will be rendered against you for the relief demanded in the petition.  Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

    If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (319) 833-3332.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942)

**IMPORTANT:** YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS

| | | |
|---|---|---|
| **Iowa Judicial Branch** | Case No. | **LACV143353** |
| | County | **Black Hawk** |

Case Title    AMANDA REGENOLD VS AMERICAN COLLOID COMPANY

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 833-3332**. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

Date Issued  **09/21/2021 01:11:37 PM**



District Clerk of  Black Hawk    County
/s/ Jessica Graham

# AFFIDAVIT OF SERVICE

STATE OF IOWA )
)           Case No: __LACV143353__
COUNTY OF POLK )   Date Received: __9 / 21 / 21__

I, being first duly sworn, depose and say that I received and served:

- _X_ Original Notice
- _X_ Petition
- _X_ Jury Demand
- ___ Subpoena
- ___ Petition for Dissolution of Marriage
- ___ Order for Pretrial Conference and Discovery
- ___ Family Law Case Requirements Order
- ___ Notice of Termination of Tenancy
- ___ Confidential Information Form
- ___ Verification of Account
- ___ Order Re: Mediation of Temporary Matters and Setting Hearing
- ___ Notice of Forfeiture of Real Estate Contract Order
- ___ Application for Rule to Show Cause
- ___ Rule to Show Cause
- ___ Application for Hearing of Temporary Issues
- ___ Summons
- ___ Complaint
- ___ Notice to Quit – Notice of Nonpayment of Rent and Notice of Termination of Rental Agreement
- ___ Appearance and Answer
- ___ Notice Non-judicial Foreclosure
- ___ Notice to Quit
- ___ Exhibit _____
- ___ Other _____
- ___ Attachments

Person Served: __American Colloid Company__

Date Served: __9-21-21__ / __2:40__ A.M./**P.M.**

__400 E. Court DSM, IA__
(Address)

Manner of Service
- ___ Personally
- ___ Dwelling House, to person residing therein who was over the age of 18.
- ___ Apartment Building
- ___ Spouse, who lives at the dwelling house.
- _X_ Corporation/State Official

__C/o CT Corp - by Agent__
NAME AND TITLE OR RELATIONSHIP OF INDIVIDUAL SERVED

Service Fee: __65__

Subscribed and sworn to me by Wendy Young this __21__ day of __Sept__, 2021.

Notary Public for the State of Iowa

ALI NEY
Commission Number 813598
My Commission Expires
November 5, 2024